UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MONA C. TRACY and TERAH TRACY, )
)
        Plaintiffs )
)
   vs. ) CAUSE NO. 3:15-CV-212 RLM
)
PAUL J. MINNE and JEAN M. MINNE, )
)
        Defendants )

OPINION and ORDER

    Shareholders of a corporation ordinarily can't sue in their own names for harm done to the corporation, but Indiana law approaches closely held corporations a little differently. This motion to dismiss presents questions about whether the shareholders of a closely held corporation called Phoenix Pallet, Inc., must bring a derivative suit in the name of Phoenix Pallet for wrongs said to have been done by other shareholders, and whether the complaint alleges enough facts to raise plausible claims under Indiana law.

BACKGROUND

    Mona Tracy and Terah Tracy were two of the original principals and shareholders of Phoenix Pallet, Inc. The Tracys sold the necessary equipment to Phoenix Pallet (via a second business they own that sells equipment used in the manufacture of wooden pallets). No down payment was required and installment payments were delayed. Phoenix Pallet redeemed the stock of its other two original

shareholders, and Jean Minne acquired those shareholders' interest in Phoenix Pallet, leaving Phoenix Pallet with three shareholders: Mona Tracy, with 26 shares; Terah Tracy, with 24 shares; and Jean Minne, with 50 shares. The same three people made up the company's board of directors, and Paul Minne, Jean Minne's husband, served as president of Phoenix Pallet. The Tracys maintain Phoenix Pallet is a closely-held corporation: the company has had no more than five shareholders, and no public sale or exchange of its common stock has ever taken place.

The Tracys allege that once Paul Minne became president and assumed control of Phoenix Pallet's operations, he and Jean Minne created two sets of financial books and records: one set contained true and correct information, and the other contained false information that the Minnes used to defraud and mislead the Tracys and other third parties. The Tracys say that in reliance on the false and misleading financial information from the Minnes, they (the Tracys) put more money and assets to Phoenix Pallet and further deferred payments on the equipment they previously sold to the company. The Tracys allege the Minnes used the false financial information to misappropriate Phoenix Pallet's assets, resources, and workforce for their own personal use and benefit and/or the use and benefit of other companies and businesses owned by the Minnes, all to the detriment of Phoenix Pallet and the Tracys.

The Tracys also challenge the Minnes' claim that they made loans to Phoenix Pallet exceeding $1 million and have a security interest in all the

company's assets, including the equipment for which Phoenix Pallet owes the Tracys. The Tracys say they have made repeated demands for documentation relating to those loans, but the Minnes have refused to produce any promissory notes verifying the loans or other documents showing that Phoenix Pallet's board of directors approved the loans as the company's applicable by-laws require. The Tracys maintain that based on those claimed loans, the Minnes transferred large sums of money from Phoenix Pallet to themselves, for their own benefit, and caused Phoenix Pallet to incur debt that was beyond the company's ability to pay. The Tracys allege, too, that they haven't received any payment for the equipment they sold to the company.

Lastly, the Tracys allege that the Minnes liquidated the assets of Phoenix Pallet and closed the company without securing the consent or authorization of the company's board of directors as required by the applicable by-laws. The Tracys say the Minnes have taken steps to prevent them from obtaining any information or documentation relating to the finances of Phoenix Pallet and the Minnes' alleged security interest. According to the Tracys, while the Minnes used money from the sale to pay the company's bank loan, they wrongfully retained the rest of the money for their own use and benefit in violation of the company's by-laws, the applicable contract, and Indiana law.

The Tracys filed this suit against the Minnes. The court has jurisdiction under 28 U.S.C. § 1332(a): the Tracys are citizens of Indiana, the Minnes are

citizens of the state of Michigan, and the amount in controversy exceeds $75,000. They agree that Indiana law governs the case.

STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint that fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion, the complaint must meet the "notice pleading" requirement of Federal Rule of Civil Procedure 8(a) that the complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," so the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (*quoting* Conley v. Gibson, 355 U.S. 41, 47 (1957)).

A court considering a motion under Rule 12(b)(6) must accept as true the factual allegations of the complaint and draw all reasonable inferences in favor of the plaintiff without engaging in fact-finding. Reynolds v. CB Sports Bar, Inc., 623 F.3d 1143, 1146 (7th Cir. 2010). The factual allegations must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Detailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true, [] 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

4

defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (*quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's claim need not be probable, only plausible, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." Swanson v. Citibank, N.A., 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

## Discussion

The Minnes argue that dismissal of the complaint is appropriate for a number of reasons.

### *Direct v. Derivative Action*

The Minnes maintain the Tracys' claims can't be brought in their own names to redress an injury to the corporation. Instead, the Minnes say, Indiana law requires that the claims alleged be brought as a derivative action on behalf of Phoenix Pallet, Inc.

Indiana recognizes the "'well-established general rule' that shareholders of a corporation may not maintain actions at law in their own names to redress an injury to the corporation, even if the injury has the effect of impairing the value of their stock." Barth v. Barth, 693 N.E.2d 954, 957 (Ind. Ct. App. 1998) (*citing* Barth v. Barth, 659 N.E.2d 559, 560 (Ind. 1995)). Indiana also recognizes an

5

exception to that general rule: "In 1995, [the Indiana Supreme] Court held that a shareholder in a close corporation need not always bring claims of corporate harm as derivative actions. Rather, in such an arrangement, the shareholders are more realistically viewed as partners, and the formalities of corporate litigation may be bypassed." G & N Aircraft, Inc. v. Boehm, 743 N.E.2d 227, 236 (Ind. 2001) (*citing* Barth v. Barth, 659 N.E.2d 559, 561 & n.6 (Ind. 1995)). Thus, "[i]n the case of a closely held corporation, the court in its discretion may treat an action raising derivative claims as a direct action, exempt it from those restrictions and defenses applicable only to derivative actions, and order an individual recovery, if it finds that to do so will not (i) unfairly expose the corporation or the defendants to a multiplicity of actions, (ii) materially prejudice the interests of creditors of the corporation, or (iii) interfere with a fair distribution of the recovery among all interested persons." Barth v. Barth, 693 N.E.2d954, 958 (Ind. Ct. App. 1998) (*quoting* PRINCIPLES OF CORPORATE GOVERNANCE § 7.01(d) (AM. LAW INST. 1994)).

The parties seem to agree that Phoenix Pallet, Inc. meets the definition of a "closely held corporation," *see* Barth v. Barth, 659 N.E.2d 559, 562 n.5 (Ind. 1995) ("A closely-held corporation is one which typically has relatively few shareholders and whose shares are not generally traded in the securities market."), but disagree about whether the court should exercise its discretion in accordance with the Barth factors.

(i) Multiplicity of Actions

The Minnes contend that allowing the Tracys to bring a direct action would expose the Minnes and Phoenix Pallet to multiple actions: were the Tracys to recover on their claim that Paul Minne mismanaged the company, Jean Minne, a 50% shareholder in Phoenix Pallet, might also bring her own action to pursue such a claim.

The Phoenix Pallet shareholders are all parties to this action, and, as the Tracys note, Jean Minne can opt to protect her interests in the claims here at issue. Even if Mrs. Minne filed a separate action against her husband, the court can't say the possibility of a single, additional lawsuit amounts to unfair exposure of Phoenix Pallet or the Minnes to a multiplicity of actions. This factor weighs in favor of permitting a direct action.

### (ii) Interests of Creditors

The Minnes next claim that a direct action "materially prejudices" the interests of the creditors of Phoenix Pallet, which, they say, include 1st Source Bank, Paul Minne, and the "numerous creditors" mentioned in the complaint. The Tracys challenge the Minnes' claim that the complaint references "numerous creditors"; they say the only creditors referenced are 1st Source Bank, the Minnes, and themselves. The Tracys represent that Phoenix Pallet's debt to 1st Source Bank has been satisfied in full, and they maintain none of their claims would result in any non-party creditors of the corporation being materially prejudiced.

The Minnes' reading of the complaint is too broad – allegations that false financial information was provided to plaintiffs, Phoenix Pallet's creditors, and/or third parties doesn't translate into "numerous creditors" being materially prejudiced. The debt to 1st Source Bank has reportedly been paid, and no current or potential creditors in need of protection – other than the parties to this litigation – have been identified. The court can't find that permitting a direct action would "materially prejudice" the interests of any creditors.

### (iii) Interference with Recovery Distribution

Lastly, the Minnes say a direct action by the Tracys would interfere with secured and unsecured creditors being able to collect moneys owed to them by Phoenix Pallet and would also interfere with Jean Minne's right to collect sums she is entitled to as a shareholder. The Tracys counter that the Minnes have provided no support for their claim that there are other secured and unsecured creditors.

Neither side has pointed to facts showing the existence of interested parties who aren't parties to this suit, or of any unpaid debts not at issue in this action. The court can't find that permitting a direct action would interfere with a fair distribution of the recovery among all interested persons.

### (iv) Conclusion

The Barth factors weigh in favor of the court exercising its discretion to let the Tracys to pursue a direct action: the facts support a finding that allowing this action to proceed as a direct, rather than derivative, action won't amount to an unfair exposure of Phoenix Pallet or the Minnes to a multiplicity of actions, "materially prejudice" the interests of creditors, or interfere with the distribution of any recovery among all interested persons. *Cf.* Shah v. Rodino, No. 3:13-CV-103, 2014 WL 1230733 (N.D. Ind. Mar. 24, 2014) (derivative action required by Barth factors where plaintiffs named eight distinct third-parties, possibility of future litigation wasn't foreclosed, and distribution of damages obtained from third-parties would be difficult to distribute in a direct action); Phillips v. PNC Bank, N.A., No. 1:12-cv-436, 2012 WL 4118447 (S.D. Ind. Sept. 19, 2012) (declining to permit direct action based on finding that allowing plaintiff to recover individually on company's claim would prejudice creditors and make recovery unavailable to them); Hubbard v. Tomlinson, 747 N.E.2d 69 (Ind. Ct. App. 2001) (Barth factors weighed against direct action where plaintiff was one of five shareholders; at least fifty creditors with claims in excess of one million dollars existed; and an award of damages to plaintiff would significantly interfere with a fair distribution of funds among all interested parties). The court denies the Minnes' motion to dismiss on this basis.

*Claims Against Defendant Jean Minne*

The Minnes move for dismissal of the Tracys' claims against Jean Minne based on their argument that the complaint contains insufficient factual allegations against her. They say the Tracys haven't alleged facts showing that Jean Minne harmed them in any way, and even the allegation that Jean Minne "assisted" Paul Minne in creating two sets of books provides "no detail as to what that means." Pltf. Memo., at 6. The Minnes conclude that "a common sense reading of the [Tracys'] complaint shows that Paul Minne's wife, Jean, is just a pawn in plaintiffs' game." Id.

The Tracys respond that while Paul Minne was the alleged actor in many of the actions complained of, most of allegations of wrongdoing are made against both Paul and Jean Minne as "defendants." The Tracys assert, too, that the Minnes have acted together to prevent evidence of their wrongful acts from being discovered. According to the Tracys, Paul and Jean Minne have

> refused to allow [the Tracys] access to corporate records, files and books after unilaterally liquidating the corporate assets without even seeking authorization from the Board of Directors or sufficient notice to [the Tracys] to allow [the Tracys] to prevent corporate records from being sold . . . to Phoenix Pallet's competitor. It seems disingenuous, to say the least, that [the Minnes] now request dismissal of [the Tracys'] claims against both defendants for lack of specific allegations as to each defendant's role so shortly after taking multiple actions to wrongfully withhold information from [the Tracys] that would more clearly demonstrate each defendant's individual role in the alleged acts.

Resp., at 8.

When the court draws all reasonable inferences in favor of the Tracys, which it must do at this stage of the proceedings, the complaint's allegations against

10

defendant Jean Minne are specific enough to put the defendants on notice of the Tracys' claims against Jean Minne.

*Count 1 – Breach of Fiduciary Duty*

The Minnes say that Count 1 of the complaint should be dismissed because the allegations in that count are vague and conclusory, contain no solid facts, and state legal conclusions. The Minnes say the legal conclusions in paragraph 58 – that they breached their fiduciary duties to Phoenix Pallet and the Tracys – and paragraph 59 – that their breaches constituted willful and/or reckless misconduct – are insufficient to state a claim for breach of fiduciary duty.

To state a claim for breach of fiduciary duty, the Tracys must allege three elements: "(1) the existence of a fiduciary relationship; (2) a breach of the duty owed by the fiduciary to the beneficiary; and (3) harm to the beneficiary." Good v. Indiana Teachers Retirement Fund, 31 N.E.3d 978, 983 (Ind. Ct. App. 2015) (*quoting* York v. Fredrick, 947 N.E.2d 969, 978 (Ind. Ct. App. 2011)). "The standard imposed by a fiduciary duty is the same whether it arises from the capacity of a director, officer, or shareholder in a closely held corporation. The fiduciary has a duty to deal fairly, honestly, and openly with his corporation and fellow stockholders and must not be distracted from the performance of his official duties by personal interests." Rapkin Group, Inc. v. Cardinal Ventures, Inc., 29 N.E.3d 752, 757 (Ind. Ct. App. 2015) (*citing* G & N Aircraft, Inc. v. Boehm, 743 N.E.2d 227, 240 (Ind. 2001)).

The Tracys say their complaint contains allegations sufficient to state a claim for breach of fiduciary duty because

- Count 1 alleges that because Phoenix Pallet was a closely-held corporation, fiduciary relationships existed between themselves, the Minnes, and Phoenix Pallet.[1]
- The complaint alleges the following breaches by the Minnes: they created a false set of financial records for Phoenix Pallet to mislead and defraud the Tracys, falsely claimed amounts due and owing on notes the Minnes knew to be invalid, claimed security interests in corporate assets of Phoenix Pallet despite an invalid security agreement, failed to exercise reasonable care in the management of Phoenix Pallet, and used corporate assets for their personal benefit.
- The Tracys have alleged that the Minnes' actions resulted in harm to them.

The complaint sets forth more than mere legal conclusions. The factual allegations of Count 1 are sufficient to survive a motion to dismiss.

*Counts 2 & 3 Conversion Claims*

---

[1] "The standard imposed by a fiduciary duty is the same whether it arises from the capacity of a director, officer, or shareholder in a closely held corporation. The fiduciary has a duty to deal fairly, honestly, and openly with his corporation and fellow stockholders and must not be distracted from the performance of his official duties by personal interests." Rapkin Group, Inc. v. Cardinal Ventures, Inc., 29 N.E.3d 752, 757 (Ind. Ct. App. 2015) (*citing* G & N Aircraft, Inc. v. Boehm, 743 N.E.2d 227, 240 (Ind. 2001)).

The Minnes argue that the conversion claims in Counts 2 and 3 of the complaint should be dismissed because the complaint contains no allegations that Paul or Jean Minne took unauthorized control or wrongfully appropriated property of Phoenix Pallet for their own use or benefit. The Minnes say the Tracys have offered only conclusory statements that don't allege any facts about what they claim the defendants converted or how they converted it.

To prevail on a claim of civil conversion under Indiana law, the Tracys must establish, by a preponderance of the evidence, that the Minnes knowingly or intentionally exerted unauthorized control over property of another. Abernathy v. Bertram, 967 N.E.2d 510, 514 (Ind. Ct. App. 2012); *see also* IND. CODE § 34-24-3-1. A claim of criminal conversion under Indiana law requires the Tracys to prove that the Minnes knowingly or intentionally exerted unauthorized control over property of another, IND. CODE § 35-43-4-3(a), and that the Minnes "[were] aware that there was a high probability that [their] control over the property was unauthorized." Dean V. Kruse Foundation, Inc. v. Gates, 932 N.E.2d 763, 769 (Ind. Ct. App. 2010).

The complaint contains facts sufficient to convey what the Tracys claim the Minnes converted. Allegations in the complaint include the following:

- based on the loans the Minnes claim they made to Phoenix Pallet, the Minnes wrongfully transferred large sums of money from the company to themselves for their own benefit;

- the Minnes established and used improper financial policies and procedures at Phoenix Pallet so they could misuse and misappropriate the assets, resources, and workforce of the company for their own personal use and benefit and/or the use and benefit of other companies and businesses they own and/or control;
- when the Tracys refused to sell their stock to a third-party, the Minnes undertook a course of action to convert and transfer Phoenix Pallet's asserts to themselves; and
- the Minnes sold the assets of Phoenix Pallet and took moneys from that sale without right or justification.

The allegations of the complaint are sufficient to put the Minnes on notice of what the Tracys claim the Minnes wrongfully converted to their own use and benefit, and the motion to dismiss Counts 2 and 3 must be denied.

*Count 4 – Deception*

The Minnes move for dismissal of Count 4 because, they say, the Tracys haven't set forth "proof of a false or misleading written instrument" used by the Minnes to obtain property from Phoenix Pallet or the Tracys as required for a claim of deception under Indiana Code § 35-43-5-3(a)(2).

A person commits deception under Indiana law when he or she "knowingly or intentionally makes a false or misleading written statement with intent to obtain property." IND. CODE § 35-43-5-3(a)(2). To succeed, then, the Tracys must

14

prove, by a preponderance of evidence, that the Minnes knowingly or intentionally made a false or misleading written statement to obtain money from Phoenix Pallet or the Tracys, or the Minnes misapplied the money they received from Phoenix Pallet in a manner they knew to be unlawful. American Heritage Banco, Inc. v. McNaughton, 879 N.E.2d 1110, 1118 (Ind. Ct. App. 2008). At this point in the proceedings, the Tracys needn't set forth "proof" of a false or misleading written instrument; they need only set forth factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "'Experience has shown . . . that we cannot expect the proof of the case to be made through the pleadings, and that such proof is really not their function.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 575 (2007) (*quoting* Charles E. Clark, The New Federal Rules of Civil Procedure: The Last Phase – Underlying Philosophy Embodied in Some of the Basic Provisions of the New Procedure, 23 A.B.A.J. 976, 977 (1937)).

The complaint contains allegations that the Minnes knowingly or intentionally created written records containing false financial information about Phoenix Pallet that the Minnes relied on to wrongfully obtain money from Phoenix Pallet and the Tracys. Those allegations are sufficient to state a claim for relief, and the court will deny the motion to dismiss this count.

*Count 5 – Fraud/Constructive Fraud*

The Tracys allege in Count 5 of their complaint, entitled "Fraud/Constructive Fraud," that the Minnes made "material misrepresentations" to them about "the financial condition, status and affairs of Phoenix Pallet;" the misrepresentations were "harmful, willful, wanton and undertaken with a callous disregard for the interests of Phoenix Pallet and the Tracys; and the Tracys relied on those misrepresentations to their detriment and to the advantage of the Minnes. Count 5 also "repeat[s] and reallege[s]" each of the allegations of the previous paragraphs of the complaint. The Minnes have moved to dismiss Count 5 based on their claim that that count doesn't contain the particularity necessary to satisfy the pleading requirements of Federal Rule of Civil Procedure 9(b), leaving them to guess which allegations are being relied on by the Tracys to support their claims of fraud.

Indiana substantive law governs this diversity action, but the Federal Rules of Civil Procedure govern the sufficiency of a complaint's fraud allegations. Gasperini v. Center for Humanities, Inc., 518 U.S. 415, 428 (1996) ("Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law."). Federal Rule of Civil Procedure 9 provides, in pertinent part, that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). The allegations of fraud must include "the identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." Windy City Metal

16

Fabricators & Supply, Inc. v. CIT Technology Financing Servs., Inc., 536 F.3d 663, 668 (7th Cir. 2008); see also Borsellino v. Goldman Sachs Group, Inc., 477 F.3d 502, 507 (7th Cir. 2007) ("A complaint alleging fraud must provide 'the who, what, when, where and how.'").

According to the Tracys, the allegations in Count 5 identify

- the "who" — Paul Minne and Jean Minne;
- the "what" — falsified financial books and records of Phoenix Pallet; and
- the "how" of the fraud being alleged — providing the falsified financial data to the Tracys.

The "when" and "where," the Tracys say, are found in paragraphs 18-27 of the complaint, entitled "Defendants' Financial Fraud and Misstatements," where they allege that "upon assuming the office of President of Phoenix Pallet," Paul Minne, assisted by Jean Minne, created falsified financial records, deferred indefinitely the installment payments on the equipment sold to the company by the Tracys, and made unauthorized and undocumented loans to Phoenix Pallet.

The allegations of Count 5, together with the allegations of paragraphs 18-27 of the complaint, are sufficient to state a claim for fraud and to put the Minnes on notice of the Tracys' claims. The motion to dismiss this count will be denied.

*Count 7 – Breach of Contract*

The Minnes lastly say Count 7 should be dismissed because the Tracys haven't alleged how the Minnes breached the Buy/Sell Agreement. The Minnes also say the Tracys' breach of contract claim should be barred because the Tracys haven't submitted their claims to arbitration as required by Section 10.2 of the Buy/Sell Agreement. The Minnes conclude that dismissal is appropriate because Count 7 "is a threadbare conclusory statement that does little to apprise [them] of what the actual basis of the claim is." Pltf. Memo., at 16.

The elements of a breach of contract claim under Indiana law are the existence of a contract, the defendant's breach of that contract, and damages resulting from the breach. Bible v. United Student Aid Funds, Inc., 799 F.3d 633, 644 (7th Cir. 2015). The Tracys have alleged the existence of a valid contract, a breach by the Minnes – the Minnes liquidated the assets of Phoenix Pallet in violation of the contract and wrongfully retained the bulk of the value of the liquidated assets for their own use – and damages resulting from that breach.

Taking the facts alleged as true, as the court must do at this stage of the proceedings, "the court can conceive of plausible scenarios that would support a claim for breach of contract." Skinner v. Metropolitan Life Ins. Co., 829 F. Supp. 2d 669, 675 (N.D. Ind. 2010); *see also* Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (To survive a motion to dismiss, the complaint must contain sufficient factual allegations that, when accepted as true, "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). The Tracys note that while Section 10.2 of the Buy/Sell Agreement, the section relied on by

the Minnes, requires arbitration "in the event of any disagreement over the interpretations of" the agreement, the dispute here at issue doesn't involve an interpretation of the agreement, but, rather, relates to the Minnes' breach of the agreement, so submitting to arbitration wasn't necessary before bringing this action.

In reply, the Minnes interpret the Tracys' claim of breach to be that "Paul and Jean did not allow [they Tracys] to participate in the management and ownership of Phoenix Pallet." Reply, at 4. According to the Minnes, "[l]ooking at the four corners of the [Buy/Sell] Agreement, that is not a breach. Even if it were, if [the Tracys'] position was that there is implied language regarding participation and management, the proper remedy would be arbitration to result the dispute . . . ." Reply, at 4. While the Minnes are free to raise any defense(s) to the Tracys' claims they choose, the court's duty at the pleadings stage is to determine whether the complaint contains allegations sufficient to state a claim, not to engage in fact-finding and reach the merits of the claims. *See* GT Performance Group, LLC v. Koyo USA Corp., No. 4:12–cv–83, 2013 WL 4787329, at *4 (S.D. Ind. Sept. 6, 2013) ("When ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, . . . the court must only examine the complaint and not the merits of the lawsuit."); Cannon v. Burge, No. 05 C 2192, 2006 WL 273544, at *21 (N.D. Ill. Feb. 2, 2006) ("In deciding a motion to dismiss, . . . the court cannot weigh the facts.").

19

The Tracys' allegations in Count 7 are sufficient to state a claim for breach of contract, and the Minnes' motion to dismiss Count 7 must be denied.

CONCLUSION

The court DENIES the Minnes' motion to dismiss [docket # 9] the Tracys' complaint for failure to state a claim.

SO ORDERED.

ENTERED:   January 25, 2016


    /s/ Robert L. Miller, Jr.
Judge, United States District Court